IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRVIN T. TATUM, ) | No. C 11-2441 LHK (PR) |
| ) | |
| Plaintiff, ) | ORDER OF DISMISSAL |
| ) | |
| v. ) | |
| ) | |
| FRANCISCO JACQUEZ, et al., ) | |
| ) | |
| Defendants. ) | |

Plaintiff, a state prisoner proceeding *pro se*, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff has paid the filing fee. For the reasons stated below, the Court DISMISSES the complaint without prejudice.

**DISCUSSION**

A. <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the Court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696,

Order of Dismissal
P:\PRO-SE\SJ.LHK\CR.11\Tatum441dis.wpd

699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under the color of state law committed a violation of a right secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988).

B.    Plaintiff's Claims

Plaintiff contends that Defendants falsely accused him of attempted murder, and wrongfully found him guilty of the same at his disciplinary hearing.  Among the sanctions he received was a loss of 360 days of good time credits.  The relief he requests includes monetary damages.

The United States Supreme Court has held that to recover damages in a suit under Section 1983 for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994).  A claim for damages arising from a conviction or sentence that has not been so invalidated is not cognizable under Section 1983. *Id.*

*Heck* has been applied beyond cases which involve a challenge to the fact of conviction or to the sentence as imposed by a court.  For instance, it applies to disciplinary decisions that involve a loss of good time credits, as is the case here. *See Sheldon v. Hundley*, 83 F.3d 231, 233 (8th Cir. 1996).  Plaintiff's claim is that the disciplinary findings are false and invalid.  He contends that he was innocent.  That allegation is contrary to the conclusion at the disciplinary hearing that he was guilty of the charge of attempted murder.  Therefore, the length of his confinement would necessarily be implicated if he is successful here, and the *Heck* doctrine bars his claim.

Claims barred by *Heck* may be dismissed *sua sponte* without prejudice to refiling if the disciplinary findings are ever invalidated, dismissed, or expunged. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995).  To whatever extent Plaintiff seeks to challenge the

1 disciplinary findings in federal court, his sole remedy is to file a petition for writ of habeas
2 corpus after he exhausts state judicial remedies because a time credit claim affects the legality or
3 duration of a prisoner's custody, a determination of which may likely result in entitlement to an
4 earlier release. *See Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997); *Young v. Kenny*,
5 907 F.2d 874, 876-78 (9th Cir. 1990).

## CONCLUSION

For the foregoing reasons, this case is DISMISSED without prejudice.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

DATED:  6/30/11

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

Order of Dismissal
P:\PRO-SE\SJ.LHK\CR.11\Tatum441dis.wpd             3