IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| IRVIN T. TATUM, | ) | No. C 11-2441 LHK (PR) |
| | ) | |
| Plaintiff, | ) | ORDER DENYING MOTION TO |
| | ) | ALTER OR AMEND JUDGMENT |
| v. | ) | |
| | ) | |
| FRANCISCO JACQUEZ, et al., | ) | |
| | ) | |
| Defendants. | ) | |

    Plaintiff, a state prisoner proceeding *pro se*, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983. In his complaint, Plaintiff alleged that he was falsely accused of attempted murder, and he was wrongfully found guilty of the same at his disciplinary hearing. The Court dismissed the complaint, concluding that his claims were barred by *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). The Court advised Plaintiff that before challenging his disciplinary findings in federal court, he must first file a petition for writ of habeas corpus to invalidate or expunge the disciplinary findings.

    Pending before the Court is Plaintiff's motion to alter or amend the judgment. Plaintiff requests that the Court modify its order of dismissal to allow him to file an amended civil complaint to allege other violations regarding his prison disciplinary hearing. A motion for reconsideration under Rule 59(e) "should not be granted, absent highly unusual circumstances,

unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (citation omitted) (en banc). A district court does not commit clear error warranting reconsideration when the question before it is a debatable one. *See, e.g.*, *id.* at 1256 (district court did not abuse its discretion in denying reconsideration where question whether it could enter protective order in habeas action limiting Attorney General's use of documents from trial counsel's file was debatable).

Here, Plaintiff does not present the Court with newly discovered evidence, argue that the Court committed clear error, or allege that there is an intervening change in the law. That reason alone is sufficient to deny his motion. In addition, failure to state a claim is a ground for dismissal before service under 28 U.S.C. §§ 1915A and 1915(e)(2), as well as under Federal Rule of Civil Procedure 12(b)(6). Dismissal for failure to state a claim is a ruling on a question of law. *See Parks School of Business, Inc., v. Symington*, 51 F.3d 1480, 1483 (9th Cir. 1995). "The issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). "Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (internal quotation marks and citation omitted). Taking as true all of Plaintiff's factual allegations in the complaint, it appeared beyond doubt that the Plaintiff could not present a set of facts in support of his claim that would entitle him to bypass the *Heck* bar.

Accordingly, Plaintiff's motion to alter or amend the judgment is DENIED.

**IT IS SO ORDERED.**

DATED:  9/19/11

LUCY H. KOH
United States District Judge

Order Denying Motion to Alter or Amend Judgment
P:\PRO-SE\SJ.LHK\CR.11\Tatum441recon.wpd            2